# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| STEPHEN ULRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-1087 |
| ) | |
| WOODFORD COUNTY ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant, Woodford County Illinois, on April 28, 2010 (Doc. 6). For the reasons set forth below, the Motion is GRANTED.

Plaintiff, who is proceeding *pro se* filed a Complaint on April 6, 2010 which cites to a number of statutes and the United States Constitution but does not appear to state a cause of action. Accordingly, Defendant filed the Motion under consideration. In response, Plaintiff lists what appear to be filings in state court related to a domestic matter. Plaintiff's filings do not comport with Federal Rule of Civil Procedure 8 nor the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses, *Massey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006), however, a plaintiff must provide enough information

"that is also sufficient to provide the defendant with fair notice of the claim and its basis." *INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 497-498 (7th Cir. 2009) (citations and quotation marks omitted).  Plaintiff also must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  Much of the Complaint is a nonsensical litany of citations to case law and quotations from the Constitution which do little to place Defendant on notice of the claims against it.

Even if Plaintiff's *pro se* Complaint is read liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), the facts do not state a claim.  Plaintiff states that various constitutional rights were violated (although he does not state how) and that he was subjected to various state court orders.  Plaintiff purports to bring his claims pursuant to 42 U.S.C. §§ 1981 and 1983.  Section 1981 essentially provides that all individuals shall have the same legal rights as white citizens in certain areas, most notably in making contracts, and section 1983 provides a conduit through which a person can sue state actors who violate various constitutional rights.  The Complaint reveals that Plaintiff is not alleging that he was discriminated against on account of his race and there is no indication that Plaintiff was prevented from making or enforcing a contract on account of his race. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).  Therefore, Plaintiff has made no claim pursuant to § 1981.

With respect to the § 1983 claims, Plaintiff appears to complain of proceedings before a state court wherein motions he submitted were denied, where a bench warrant was issued for his arrest, where he was ordered to pay spousal support, and where he was incarcerated. In his response to the Motion to Dismiss, Plaintiff offers the dates of various actions that took place in the Woodford County Courts from June, 2006 to December, 2007. There is no indication of who, in particular, Plaintiff believes violated his rights. Rather, Plaintiff is suing the County. In order for liability to attach to the County, Plaintiff must allege that the unconstitutional actions against him were taken pursuant to some official policy or custom. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Plaintiff has made no such allegation. Therefore, Plaintiff has also failed to state a claim with respect to § 1983.

For these reasons, Defendant's Motion is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE. In light of Plaintiff's *pro se* status, however, Plaintiff is given leave to re-file his Complaint. Plaintiff is WARNED, however, that his Complaint must comply with Rule 8 and his allegations should state a claim upon which relief may be granted. Plaintiff's amended complaint is due by June 25, 2010.

Entered this 7th day of June, 2010

                                                         s/ Joe B. McDade
                                                         JOE BILLY MCDADE
                                     Senior United States District Judge